GAETJENS v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.   October 20, 1911.)

MUNICIPAL CORPORATIONS (§ 821*)—NEGLIGENCE—QUESTION FOR JURY.

Where a city permitted a private electric lighting company to string its wires upon poles erected along a highway by the city for police telegraph, and, though the light wires carried dangerous currents, the city left its telegraph wires, which had been abandoned and were unconnected with anything upon the poles, and they came in contact with an uninsulated place on the light wires, and, upon breaking, severely burned plaintiff, the question of whether the city was negligent was for the jury.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 821.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Kings County.

Action by Edmund F. Gaetjens, an infant, by August Gaetjens, his guardian ad litem, against the City of New York. From a judgment for plaintiff, and an order denying plaintiff's motion for a new trial, defendant appeals. Affirmed.

See, also, 132 App. Div. 394, 116 N. Y. Supp. 759.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

James D. Bell, for appellant.
Thomas F. Magner, for respondent.

PER CURIAM. This case has been twice tried, and upon a reargument of a former appeal (132 App. Div. 394, 116 N. Y. Supp. 759) it was held that the defendant city of New York could not be held liable for the negligence of its police or fire departments, acting as public agencies, though it was suggested that a liability might arise through the negligence of the municipality in not keeping its streets in a reasonably safe condition for public travel. The defendants other than the city of New York have settled with the plaintiff, and the action proceeded against the city upon the theory that the latter was negligent in permitting two rusty and deteriorated iron wires, unused by the defendant or by any one, to remain upon certain poles in close proximity to highly charged electric light wires owned by the other defendants in this action, and maintained by them upon the poles belonging to the defendant city of New York, with its knowledge and consent.

The accident concededly resulted from one of these deteriorated iron wires falling across one of the highly charged electric lighting wires at a point where the insulation had worn off among the branches of trees, and extending thence to the street, where the plaintiff and other children became entangled in the "live" wire and were terribly burned. The evidence tended to show that these particular iron wires were originally erected for the purpose of a police telegraph line; that subsequently the use of these iron wires was abandoned for this or any other purpose, but that the wires were left in position on Lawrence avenue, in the borough of Brooklyn, both ends of these wires being cut off from any connection with any other wires; that subsequent to the abandoning of these wires for any practical purpose, the city of New York consented to the joint use of its poles by the New York & New Jersey Telephone Company and the Flatbush Gas Company, the latter having a franchise also as an electric lighting corporation; and that the wires of the latter, carrying a dangerous voltage, extended through the limbs of trees along Lawrence avenue, the insulation being worn off by the action of the winds in such a manner that the defects could be seen from the street. The learned court in its charge to the jury instructed them very clearly upon the only issue presented as to the negligence of the city of New York, and the verdict is in favor of the plaintiff. The defendant appeals to this court from the judgment, and from an order denying its motion for a new trial on the minutes.

We are of the opinion that the evidence supports the verdict. The action does not rest upon the failure of the defendant to remove the wire from the street, after it had fallen and become obviously dangerous. If it did, it would have to be held as a matter of law, under the charge of the court, that this was not a sufficient length of time to give the municipality notice. The actionable negligence of the defendant consisted in maintaining useless wires in the public highway, exposed to the danger of contact with highly charged electric lighting wires, which had a place upon the same poles with the knowledge and consent of the city, and in not inspecting such wires and obviating the dangers which should have been anticipated. This presented a fair question for the jury, and, the evidence supporting the verdict, it should not be disturbed, unless for errors of law. We find no such errors in the case.

The judgment and order appealed from should be affirmed, with costs.